KELLY & FRAZER *v.* J. P. BENTLY et al.

In an attachment suit, where the petition, affidavit and bond were filed at the same time, and the petition contained no prayer for attachment, the attachment will be dismissed.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J. *Clark & Bayne,* for plaintiffs and appellants. *Garnett Duncan,* and *Eustis,* for defendants.

BUCHANAN, J. The District Court dismissed the attachment issued in this case, upon a rule taken to that effect, based upon the omission of any prayer for attachment in the petition filed.

It is contended, on the part of plaintiff, that the Article 243 of the Code of Practice is amended by the Act of 1828, page 150, section 4; and that under said statute, the filing of the affidavit and bond for attachment, stands in lieu of a prayer for attachment in the petition. Such may possibly be the true construction in case of a petition filed the next day after the affidavit and bond,

as allowed by the statute of 1828; for it would seem to be superfluous to pray <span style="float:right">KELLY & FRAZER<br>*v.*<br>BENTLY ET AL.</span> for an attachment after the writ had issued. But in the present case, the record informs us that the petition, affidavit, and bond were filed on the same day; and apparently together. The Act of 1828 has, therefore, no perceptible application in this instance.

The petition makes no reference to the remedy of attachment, and is in that respect defective, according to the Article 243 of the Code of Practice. An amendment to cure the defect, came too late after the rule taken to quash the attachment. *Rhodes* v. *Union Bank.* 7 Rob. 63.

Judgment affirmed, with costs.

Rehearing refused.